BRUCE LOCKE (#177787)
Moss & Locke
555 University Avenue, Suite 170
Sacramento, CA 95825
(916) 569-0667
(916) 569-0665 fax
Attorneys for
ALLEN HARROD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 03-384-WBS |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION TO WAIVE JURY AND TO BE TRIED BY JUDGE |
| | ) | |
| ALLEN HARROD | ) | Judge: William B. Shubb |
| | ) | Date: April 19, 2006 |
| | ) | Time: 9:00 a.m. |
| Defendant. | ) | |

   The defendant, Allen Harrod, by and through his attorney, Bruce Locke, moves the Court to allow him to waive the trial by jury in this case and to allow him to be tried by the Court alone and, in support of this motion, would show the Court as follows:

   1.   This case involves charges of transporting minors in interstate commerce with the intent of having the minors be the victims of child molestation.

   2.   The molestation is alleged to have taken place against both a boy and 4 girls.

   3.   The molestation is alleged to have started as early as at age 6 and the molestation is alleged to involve oral, anal, and vaginal sex.

   4.   The molestation is alleged to involve both the mother and the father of the children involved and it is alleged to involve sexual acts of parents with their own children.

   5.   The molestation is alleged to have covered a period of about 11 years and

the government has provided the defense with notice that it intends to introduce evidence of prior bad acts that involve allegations of child molestation that goes back to the late 1970's and involves more than 15 children of Mr. Harrod by his wife, Ila and by his common-law wife, Irene.

6. Counsel for Mr. Harrod has discussed this Motion with counsel for Juliette Labrecque and Michael Labrecque and those counsel have advised that their clients also wish to waive their right to a jury trial and to request trial by judge alone.

7. Counsel for Mr. Harrod has discussed this Motion with counsel for the government and counsel for the government has advised that the government will not agree to allow the defendants to waive the jury trial and to be tried by judge alone.

8. The government has three young women who are now in their late teens or early 20's who were victims of the molestation who are going to testify in this case. The government has the young man who is now in his early 20's who is the victim in Counts 1, 2, and 3 who is going to testify in this case. The government also has journals and letters that were written by the defendants and the victims that corroborate the allegations contained in all of the Counts. The government also has the testimony of Irene Hunt who was Mr. Harrod's "common-law" wife and who is the mother of two of the victims and who participated in much of the abuse. There is not going to be any doubt that the molestations took place.

9. The indictment contains six counts that allege violations of 18 U.S.C. § 2423(a), transporting a minor for purposes of criminal sexual activity. An element of that offense is that the defendant(s) did so with the intent that each victim engage in criminal sexual activity. Two of the counts allege

2

      that custody of a minor was transferred with the knowledge that as a consequence of the transfer of custody, the minor would be portrayed in a visual depiction engaging in sexually explicit conduct.

10. The only defense that has any real chance of success in this case is a defense based upon lack of knowledge or intent as to the purpose of transporting the children in interstate commerce or as to the purpose of the transfer of custody.

11. Undersigned counsel has conducted an informal poll of people who are not familiar with the case. Undersigned counsel explained the molestations that took place (oral, anal, and vaginal) and explained that the molestation was at the hands of the parents of the children, and that the molestation involved children as young as six and took place frequently over a period of ten years. Undersigned counsel then explained the elements of the offense and asked the person to assume that the government could not prove that the defendant transported the person for the purpose of illicit sexual activity. After giving that explanation, undersigned counsel asked the individual whether that person would acquit the defendant if he believed that the defendant had not sent the child across state lines or transferred custody for the purpose or with the knowledge that illicit sexual activity would take place. Undersigned counsel has not found any person, other than other defense counsel, who would say that he or she could ever acquit the defendants in those circumstances. (Most of the people who were asked these questions could not even understand how undersigned counsel could represent these defendants.)

12. We submit that it will be impossible for the jury to focus on the legitimate defense that a victim was not sent to Texas in interstate commerce with

>the intent that he be molested in Texas when there will be testimony that the abuse actually did occur. Moreover, the nature of the abuse and the actions of the parents of the victims in abusing their own children is so shocking that the defense has a reasonable fear that the jury will not be able to focus on the issues that are actually being contested and will find all of the defendants guilty solely because they participated in acts of abuse or solely because they associated with the other defendants.

The Supreme Court held in *Singer v. United States*, 380 U.S. 24, 37 (1965) that Rule 23(a) of the Federal Rules of Criminal Procedure does not violate the Constitution in preventing the defendant from waiving a jury trial and without the acquiescence of the government. In *Singer*, the defendant claimed that a trial by judge alone would save time and the Court held that saving time was not a sufficient reason to require the government to acquiesce in the trial by judge alone. But the Supreme Court stated in dicta that there may be circumstances where the government would be violating the defendant's right to an impartial fact-finder where it withheld its consent. The Supreme Court stated as follows:

> We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where "passion, prejudice . . . public feeling" or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and petitioner does not claim that it is.

(*Singer* at 37-38.) We submit that the charges and the nature of the evidence in this case are so revolting that they will so shock the conscience of the jury that the jury will not be able to be impartial to Mr. Harrod and the other defendants as to those charges where there is a real issue as to whether the defendant intended that a victim engage in criminal sexual behavior or whether the defendant had knowledge that custody of a victim was being transferred so that a victim would be portrayed in a visual depiction

engaging in sexually explicit conduct.

Therefore, we respectfully submit that this Court should order the government to acquiesce in Mr. Harrod's and the other defendant's waiver of the jury and allow them to be tried by Judge alone.

                                              Respectfully submitted,

DATED: April 14, 2006                /S/
                                            BRUCE LOCKE
                                            Attorney for Allen Harrod